STEPHANIE S. CHRISTENSEN
Acting United States Attorney
BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office
ROSALIND WANG (Cal. Bar No. 218626)
Assistant United States Attorney
Santa Ana Branch Office
    411 West Fourth Street, Suite 8000
    Santa Ana, California 92701
    Telephone: (714) 338-3547
    Facsimile: (714) 338-3708
    E-mail:　Rosalind.wang@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | SA CR No. 21-170-VAP |
|        Plaintiff, | PLEA AGREEMENT |
|             v. | |
| ANDREW KYLE WILLIAMS, | |
|        Defendant. | |

1.　This constitutes the plea agreement between ANDREW KYLE WILLIAMS ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.　This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.　Defendant agrees to:

    a.　At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count one of the indictment in <u>United States v. Andrew Kyle Williams</u>, SA CR No. 21-

170-VAP, which charges defendant with distribution of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A), (b)(1).

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.   Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h.   Agree to and not oppose the imposition of a term of supervised release of no less than 20 years (with the government reserving the right to seek a higher term of supervised release up to the statutory maximum of life) under the following conditions of probation or supervised release:

i.   Defendant shall register as a sex offender, and keep the registration current, in each jurisdiction where defendant resides, where defendant is an employee, and where defendant is a student, to the extent the registration procedures have been established in each jurisdiction.  When registering for the first time, defendant shall also register in the jurisdiction in which the

2

conviction occurred if different from defendant's jurisdiction of residence.  Defendant shall provide proof of registration to the Probation Officer within three days of defendant's placement on probation/release from imprisonment.

ii.  Defendant shall participate in a psychological counseling and/or psychiatric treatment and/or a sex offender treatment program, which may include inpatient treatment upon order of the Court, as approved and directed by the Probation Officer. Defendant shall abide by all rules, requirements, and conditions of such program, including submission to risk assessment evaluations and physiological testing, such as polygraph and Abel testing, but the defendant retains the right to invoke the Fifth Amendment.  The Probation Officer shall disclose the presentence report and/or any previous mental health evaluations or reports to the treatment provider.

iii. As directed by the Probation Officer, defendant shall pay all or part of the costs of treating defendant's psychological/psychiatric disorder(s) to the aftercare contractor during the period of community supervision, pursuant to 18 U.S.C. § 3672.  Defendant shall provide payment and proof of payment as directed by the Probation Officer.

iv.  Defendant shall not view or possess any materials, including pictures, photographs, books, writings, drawings, videos, or video games, depicting and/or describing child pornography, as defined in 18 U.S.C. § 2256(8), or sexually explicit conduct depicting minors, as defined at 18 U.S.C. § 2256(2).  The defendant shall not possess or view any materials such as videos, magazines, photographs, computer images or other matter that depicts

"actual sexually explicit conduct" involving adults as defined by 18 U.S.C. § 2257(h)(1).  This condition does not prohibit defendant from possessing materials solely because they are necessary to, and used for, a collateral attack, nor does it prohibit defendant from possessing materials prepared and used for the purposes of defendant's Court-mandated sex offender treatment, when defendant's treatment provider or the probation officer has approved of defendant's possession of the materials in advance.

v.   Defendant shall not associate or have verbal, written, telephonic, or electronic communication with any person under the age of 18, except: (a) in the presence of the parent or legal guardian of said minor; and (b) on the condition that defendant notifies said parent or legal guardian of defendant's conviction in the instant offense/prior offense.  This provision does not encompass persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., with whom defendant must interact in order to obtain ordinary and usual commercial services.

vi.   Defendant shall not frequent, or loiter, within 100 feet of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18.

vii. Defendant shall not affiliate with, own, control, volunteer or be employed in any capacity by a business or organization that causes defendant to regularly contact persons under the age of 18.

viii.   Defendant shall not affiliate with, own, control, or be employed in any capacity by a business whose principal product is the production or selling of materials depicting or

4

describing "sexually explicit conduct," as defined at 18 U.S.C. § 2256(2).

ix.  Defendant shall not own, use or have access to the services of any commercial mail-receiving agency, nor shall defendant open or maintain a post office box, without the prior written approval of the Probation Officer.

x.  Defendant's employment shall be approved by the Probation Officer, and any change in employment must be pre-approved by the Probation Officer.  Defendant shall submit the name and address of the proposed employer to the Probation Officer at least ten days prior to any scheduled change.

xi.  Defendant shall not reside within direct view of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18.  Defendant's residence shall be approved by the Probation Officer, and any change in residence must be pre-approved by the Probation Officer.  Defendant shall submit the address of the proposed residence to the Probation Officer at least ten days prior to any scheduled move.

xii. Defendant shall submit defendant's person, and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects to search at any time, with or without warrant, by any law enforcement or Probation Officer with reasonable suspicion concerning a violation of a condition of probation/supervised release or unlawful conduct by defendant, and by any Probation Officer in the lawful discharge of the officer's supervision function.

xiii.    Defendant shall possess and use only those computers and computer-related devices, screen user names, passwords, email accounts, and internet service providers ("ISPs") that have been disclosed to the Probation Officer upon commencement of supervision.  Any changes or additions are to be disclosed to the Probation Officer prior to defendant's first use.  Computers and computer-related devices include personal computers, personal data assistants ("PDAs"), internet appliances, electronic games, cellular telephones, and digital storage media, as well as their peripheral equipment, that can access, or can be modified to access, the internet, electronic bulletin boards, and other computers.

xiv. All computers, computer-related devices, and their peripheral equipment, used by defendant shall be subject to search and seizure.  This shall not apply to items used at the employment's site that are maintained and monitored by the employer.

xv.  Defendant shall comply with the rules and regulations of the Computer Monitoring Program.  Defendant shall pay the cost of the Computer Monitoring Program, in an amount not to exceed $32 per month per device connected to the internet.

i.   Not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding.

<u>THE USAO'S OBLIGATIONS</u>

3.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

b.   Abide by all agreements regarding sentencing contained in this agreement.

c.   At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant.  Defendant

agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

d.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

e.   Recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range, provided that the offense level used by the Court to determine that range is 34 or higher and provided that the Court does not depart downward in offense level or criminal history category.  For purposes of this agreement, the low end of the Sentencing Guidelines range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A.

<u>NATURE OF THE OFFENSE</u>

4.   Defendant understands that for defendant to be guilty of the crime charged in count one, that is, distribution of child pornography, in violation of Title 18, United States Code, Sections 2252A(a)(2)(A), (b)(1), the following must be true: (1) defendant knowingly distributed matters which the defendant knew contained visual depictions of minors engaged in sexually explicit conduct; (2) defendant knew the visual depiction contained in the matters showed a minor engaged in sexually explicit conduct; (3) defendant knew that production of such a visual depiction involved use of a

minor in sexually explicit conduct; and (4) each visual depiction had been: (a) mailed, shipped, or transported using any means or facility of interstate commerce or in or affecting interstate commerce, or (b) produced using any means or facility of interstate or foreign commerce or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

<u>PENALTIES AND RESTITUTION</u>

5. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Sections 2252A(a)(2)(A), (b)(1), is:  20 years' imprisonment; a lifetime period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

6. Defendant understands that the statutory mandatory minimum sentence that the Court must impose for a violation of Title 18, United States Code, Sections 2252A(a)(2)(A), (b)(1), is: five years' imprisonment; a five-year period of supervised release; and a mandatory special assessment of $100.

7. Defendant understands that, pursuant to the Justice for Victims of Trafficking Act of 2015, the Court shall impose an additional $5,000 special assessment if the Court concludes that defendant is a non-indigent person, to be paid after defendant's other financial obligations have been satisfied..

8. Defendant understands that, pursuant to 18 U.S.C. § 2259A, the Court shall impose an assessment of $17,000 if the Court concludes that defendant is a non-indigent person, to be paid after defendant's other financial obligations have been satisfied.

9.   Defendant understands that, under 18 U.S.C. § 3583(k), the statutory mandatory minimum period of supervised release that the Court must impose for a violation of 18 U.S.C. § 2252A is a period of five years.  Defendant understands that as a condition of supervised release, under 18 U.S.C. § 3583(d), defendant will be required to register as a sex offender.  Defendant understands that independent of supervised release, he will be subject to federal and state registration requirements, for a possible maximum term of registration up to and including life.  Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement (if imposed) following conviction.

10.   Defendant understands that defendant will be required to pay full restitution to the victims of the offense to which defendant is pleading guilty.  Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victims of the offense to which defendant is pleading guilty and in amounts greater than those alleged in the count to which defendant is pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty; and (b) any counts dismissed and charges not prosecuted pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts and charges.

11.  Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

12.  Defendant understands that as a condition of supervised release, under Title 18, United States Code, Section 3583(d), defendant will be required to register as a sex offender.  Defendant understands that independent of supervised release, he will be subject to federal and state registration requirements, for a possible maximum term of registration up to and including life. Defendant further understands that, under Title 18, United States Code, Section 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

13.  Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or

supervised release in another case and suspension or revocation of a
professional license.  Defendant understands that unanticipated
collateral consequences will not serve as grounds to withdraw
defendant's guilty plea.

14.  Defendant and his counsel have discussed the fact that, and
defendant understands that, if defendant is not a United States
citizen, the conviction in this case makes it practically inevitable
and a virtual certainty that defendant will be removed or deported
from the United States.  Defendant may also be denied United States
citizenship and admission to the United States in the future.
Defendant understands that while there may be arguments that
defendant can raise in immigration proceedings to avoid or delay
removal, removal is presumptively mandatory and a virtual certainty
in this case.  Defendant further understands that removal and
immigration consequences are the subject of a separate proceeding and
that no one, including his attorney or the Court, can predict to an
absolute certainty the effect of his conviction on his immigration
status.  Defendant nevertheless affirms that he wants to plead guilty
regardless of any immigration consequences that his plea may entail,
even if the consequence is automatic removal from the United States.

FACTUAL BASIS

15.  Defendant admits that defendant is, in fact, guilty of the
offense to which defendant is agreeing to plead guilty.  Defendant
and the USAO agree to the statement of facts provided below and agree
that this statement of facts is sufficient to support a plea of
guilty to the charge described in this agreement and to establish the
Sentencing Guidelines factors set forth in paragraph 17 below but is
not meant to be a complete recitation of all facts relevant to the

underlying criminal conduct or all facts known to either party that relate to that conduct.

From at least March 2019 to June 2020, in Los Angeles and Orange County, within the Central District of California, defendant knowingly distributed and knowingly received matters that defendant knew constituted child pornography using the Kik Messenger, Dropbox, and Telegram applications.  Specifically, on June 7, 2020, defendant, using Kik Messenger, sent an image of child pornography titled "34e36f55-28c7-4621-bc60-6343b70b0e82," which depicts a minor under 12 years of age, to a group chat of 38 participants.

Defendant further distributed two videos and one image containing child pornography using Telegram between May 20, 2020 and June 6, 2020.

Defendant admits and agrees that he knew the images and videos that he distributed and received contained visual depictions of minors engaging in sexually explicit conduct, and that he knew the production of such visual depictions involved the use of minors engaged in sexually explicit conduct.  Some of the videos and images defendant distributed and received depicted minor victims under the age of 12 being used for sexual acts.  At least one of the child pornography files he possessed depicted sadistic or masochistic conduct in accordance with U.S.S.G. § 2G2.2(b)(4).  Defendant admits and agrees that the children depicted in the child pornography images and videos are real children, and defendant distributed or received the images and videos from the Internet, which is a means and facility of interstate and foreign commerce, using a computer.  The total number of images defendant distributed, received, and

possessed, is more than 600 images, under the definition of image in U.S.S.G. § 2G2.2.

SENTENCING FACTORS

16.   Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate between the mandatory minimum and the maximum set by statute for the crime of conviction.

17.   Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 22 | U.S.S.G. § 2G2.2(a)(2) |
| Minor Under 12 | +2 | U.S.S.G. § 2G2.2(b)(2) |
| Involved Distribution | +2 | U.S.S.G. § 2G2.2(b)(3)(F) |
| Sadistic/Masochistic Images | +4 | U.S.S.G. § 2G2.2(b)(4) |
| Use of Computer | +2 | U.S.S.G. § 2G2.2(b)(6) |
| More than 600 Images | +5 | U.S.S.G. § 2G2.2(b)(7)(D) |
| Acceptance of Responsibility: | -3 | U.S.S.G. § 3E1.1(a), (b) |
| Total Offense Level: | 34 | |

The USAO will agree to a two-level downward adjustment for acceptance of responsibility (and, if applicable, move for an additional one-

13

level downward adjustment under U.S.S.G. § 3E1.1(b)) only if the
conditions set forth in paragraph 2 are met and if defendant has not
committed, and refrains from committing, acts constituting
obstruction of justice within the meaning of U.S.S.G. § 3C1.1, as
discussed below.  Subject to paragraph 32 below, defendant and the
USAO agree not to seek, argue, or suggest in any way, either orally
or in writing, that any other specific offense characteristics,
adjustments, or departures relating to the offense level be imposed.
Defendant agrees, however, that if, after signing this agreement but
prior to sentencing, defendant were to commit an act, or the USAO
were to discover a previously undiscovered act committed by defendant
prior to signing this agreement, which act, in the judgment of the
USAO, constituted obstruction of justice within the meaning of
U.S.S.G. § 3C1.1, the USAO would be free to seek the enhancement set
forth in that section and to argue that defendant is not entitled to
a downward adjustment for acceptance of responsibility under U.S.S.G.
§ 3E1.1.

18.  Defendant understands that there is no agreement as to
defendant's criminal history or criminal history category.

19.  Defendant and the USAO reserve the right to argue for a
sentence outside the sentencing range established by the Sentencing
Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1),
(a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

20.  Defendant understands that by pleading guilty, defendant
gives up the following rights:

     a.  The right to persist in a plea of not guilty.

     b.  The right to a speedy and public trial by jury.

c.   The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.   The right to confront and cross-examine witnesses against defendant.

f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF RETURN OF DIGITAL DATA

21.   Understanding that the government has in its possession digital devices and/or digital media seized from defendant, defendant waives any right to the return of digital data contained on those digital devices and/or digital media and agrees that if any of these digital devices and/or digital media are returned to defendant, the government may delete all digital data from those digital devices and/or digital media before they are returned to defendant.

1

## WAIVER OF APPEAL OF CONVICTION

2      22.  Defendant understands that, with the exception of an appeal

3  based on a claim that defendant's guilty plea was involuntary, by

4  pleading guilty defendant is waiving and giving up any right to

5  appeal defendant's conviction on the offense to which defendant is

6  pleading guilty.  Defendant understands that this waiver includes,

7  but is not limited to, arguments that the statute to which defendant

8  is pleading guilty is unconstitutional, and any and all claims that

9  the statement of facts provided herein is insufficient to support

10 defendant's plea of guilty.

11

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

12     23.  Defendant agrees that, provided the Court imposes a term of

13 imprisonment within or below the range corresponding to an offense

14 level of 34 and the criminal history category calculated by the

15 Court, defendant gives up the right to appeal all of the following:

16 (a) the procedures and calculations used to determine and impose any

17 portion of the sentence; (b) the term of imprisonment imposed by the

18 Court; (c) the fine imposed by the Court, provided it is within the

19 statutory maximum; (d) to the extent permitted by law, the

20 constitutionality or legality of defendant's sentence, provided it is

21 within the statutory maximum; (e) the amount and terms of any

22 restitution order; (f) the term of probation or supervised release

23 imposed by the Court, provided it is within the statutory maximum;

24 and (g) any of the following conditions of probation or supervised

25 release imposed by the Court: the conditions set forth in Second

26 Amended General Order 20-04 of this Court; the drug testing

27 conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the

28 alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7);

and any conditions of probation or supervised release agreed to by defendant in paragraph 2 above.

24. The USAO agrees that, provided (a) all portions of the sentence are at or above the statutory minimum and at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or above the range corresponding to an offense level of 34 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence.

25. Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

26. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result

of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

RESULT OF VACATUR, REVERSAL OR SET-ASIDE

27.  Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

EFFECTIVE DATE OF AGREEMENT

28.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

BREACH OF AGREEMENT

29.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously

1  entered a guilty plea pursuant to this agreement, defendant will not

2  be able to withdraw the guilty plea, and (b) the USAO will be

3  relieved of all its obligations under this agreement.

4      30.  Following the Court's finding of a knowing breach of this

5  agreement by defendant, should the USAO choose to pursue any charge

6  that was either dismissed or not filed as a result of this agreement,

7  then:

8          a.  Defendant agrees that any applicable statute of

9  limitations is tolled between the date of defendant's signing of this

10 agreement and the filing commencing any such action.

11         b.  Defendant waives and gives up all defenses based on

12 the statute of limitations, any claim of pre-indictment delay, or any

13 speedy trial claim with respect to any such action, except to the

14 extent that such defenses existed as of the date of defendant's

15 signing this agreement.

16         c.  Defendant agrees that: (i) any statements made by

17 defendant, under oath, at the guilty plea hearing (if such a hearing

18 occurred prior to the breach); (ii) the agreed to factual basis

19 statement in this agreement; and (iii) any evidence derived from such

20 statements, shall be admissible against defendant in any such action

21 against defendant, and defendant waives and gives up any claim under

22 the United States Constitution, any statute, Rule 410 of the Federal

23 Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal

24 Procedure, or any other federal rule, that the statements or any

25 evidence derived from the statements should be suppressed or are

26 inadmissible.

27

28

1    COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

2    OFFICE NOT PARTIES

3        31.  Defendant understands that the Court and the United States

4    Probation and Pretrial Services Office are not parties to this

5    agreement and need not accept any of the USAO's sentencing

6    recommendations or the parties' agreements to facts or sentencing

7    factors.

8        32.  Defendant understands that both defendant and the USAO are

9    free to: (a) supplement the facts by supplying relevant information

10   to the United States Probation and Pretrial Services Office and the

11   Court, (b) correct any and all factual misstatements relating to the

12   Court's Sentencing Guidelines calculations and determination of

13   sentence, and (c) argue on appeal and collateral review that the

14   Court's Sentencing Guidelines calculations and the sentence it

15   chooses to impose are not error, although each party agrees to

16   maintain its view that the calculations in paragraph 17 are

17   consistent with the facts of this case.  While this paragraph permits

18   both the USAO and defendant to submit full and complete factual

19   information to the United States Probation and Pretrial Services

20   Office and the Court, even if that factual information may be viewed

21   as inconsistent with the facts agreed to in this agreement, this

22   paragraph does not affect defendant's and the USAO's obligations not

23   to contest the facts agreed to in this agreement.

24       33.  Defendant understands that even if the Court ignores any

25   sentencing recommendation, finds facts or reaches conclusions

26   different from those agreed to, and/or imposes any sentence up to the

27   maximum established by statute, defendant cannot, for that reason,

28   withdraw defendant's guilty plea, and defendant will remain bound to

fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be between the statutory mandatory minimum and the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

34.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

///

///

///

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

35.   The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

STEPHANIE S. CHRISTENSEN
Acting United States Attorney

*/s/Rosalind Wang*                          *4/20/23*
_____          _____
ROSALIND WANG                           Date
Assistant United States Attorney

_____          4/18/23
ANDREW KYLE WILLIAMS                     Date
Defendant

_____          4/18/23
RONALD D. HEDDING                       Date
Attorney for Defendant
ANDREW KYLE WILLIAMS

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those

22

contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

X _____     _____4/18/23_____
ANDREW KYLE WILLIAMS                 Date
Defendant

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am ANDREW KYLE WILLIAMS's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____     _____4/18/23_____
RONALD D. HEDDING                  Date
Attorney for Defendant
ANDREW KYLE WILLIAMS